**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BERRYLANE TRADING, INC.,** ) | **CASE NO. 1:17-cv-2360** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **CNA FINANCIAL CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |

Before the Court are three motions: Defendant Insurance Consultant Agency LLC's ("Busha-Okeson") Motion to Dismiss Party, Doc #: 4; Defendant Transportation Insurance Company, Inc.'s ("TIC") Motion to Dismiss for Failure to State a Claim, Doc #: 8; and Plaintiff Berrylane Trading, Inc.'s ("Berrylane") Motion to Remand, Doc #: 11. For the following reasons, Busha-Okeson's and TIC's Motions to Dismiss are **GRANTED**. Berrylane's Motion to Remand is **DENIED** as moot. The above-captioned case is **DISMISSED WITH PREJUDICE.**

I.  **Background**

Berrylane filed this action in Cuyahoga County on October 9, 2017 alleging breach of contract, bad faith, and requesting declaratory judgment against Busha-Okeson, TIC, and CNA. Doc #: 1-1. On November 9, 2017, TIC removed the case on federal diversity jurisdiction

grounds. Doc #: 1. Busha-Okeson and CNA consented to removal. Doc #: 1-2. On November 16, 2017, all three defendants filed motions to dismiss.[1] Doc #: 4, 7, 8. Berrylane filed its Motion to Remand on December 11, 2017, Doc #: 11, and its Responses to TIC and Busha-Okeson's Motions to Dismiss on December 18, 2017. Doc #: 12, 13. Busha-Okeson filed its Reply on December 22, 2017. Doc #: 17. TIC filed its Response to Berrylane's Motion to Remand on December 22, 2017 and its Reply in support of its Motion to Dismiss on January 5, 2018. Doc #: 21. Berrylane did not file a timely Reply in support of its Motion to Remand.

## II. Facts

The following facts are alleged by Berrylane in its Complaint. Berrylane is an Ohio corporation that buys and sells cell phones. Compl. ¶¶ 4, 9. CNA and TIC are Illinois-based insurance companies. Compl. ¶¶ 5, 6. Busha-Okeson is an Ohio-based insurance agent. Compl. ¶ 7. Busha-Okeson sold a Commercial Property Insurance Policy (the "Policy") to Berrylane. *Id.* TIC was the insurer on Berrylane's Policy. Compl. Ex. A. The Policy period began on April 7, 2015 and ended April 7, 2016. Compl. ¶ 16.

On December 7, 2015, a thief broke into Berrylane's warehouse located at 2602 NW 72nd Avenue, Doral, Florida (the "Warehouse") and stole approximately $1,645,860.00 worth of iPhones. Compl. ¶ 10. Berrylane had purchased these iPhones less than 180 days before the theft. Compl. ¶ 11. Berrylane immediately reported the theft to law enforcement and submitted a claim to Defendants. Compl. ¶ 13.

Defendants verbally offered to pay 30% of the coverage limit to settle the claim but

---

[1] On December 26, 2017, Berrylane filed a Notice of Dismissal dismissing Defendant CNA Financial Corporation ("CNA") from the action. Doc #: 18. Accordingly, the Court terminated as moot CNA's motion to dismiss, Doc #: 7. *See* Dec. 29, 2017 Order.

-2-

Berrylane rejected the offer. Compl. ¶¶ 19-20. On October 27, 2016, CNA General Adjuster Mr. David R. Reitzel wrote Berrylane that its claim for coverage had been denied. Compl. ¶ 21. Reitzel explained that the Policy provided coverage for personal property at 24300 Solon Road, Bedford, Ohio ("Bedford Property") but not at the Warehouse. *Id.* Additionally, the Transportation Coverage did not cover the loss because the iPhones were not in transit when they were stolen. *Id.* On December 30, 2016, Berrylane sent a letter to Defendants, objecting to the denial of coverage. Compl. ¶ 25. Berrylane argued that it had coverage under the Newly Acquired or Constructed Property Endorsement to the Policy. Compl. ¶ 26. Defendants did not respond to Berrylane's letter. Compl. ¶ 29. On February 10, 2017, Berrylane sent another letter to Defendants. Compl. ¶ 30. Defendants responded on March 1, 2017 that they were denying coverage under the Newly Acquired or Constructed Property Endorsement because the Warehouse was not a "newly acquired premises." Compl. ¶ 31.

### III. Legal Standard

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013); *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 F. App'x 24, 24 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570.

The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id*. at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted). Simply reciting the elements of a cause of action does not suffice. *Iqbal*, 556 U.S. at 678.

In determining whether to grant a Rule 12(b)(6) motion, the Court may consider any exhibits attached to the complaint or a motion to dismiss. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## IV. Discussion

### A. Busha-Okeson

Berrylane cannot state a claim for which relief can be granted against Busha-Okeson. Busha-Okeson, as an insurance agent, is not liable for a breach of contract claim against the insurance company. "Generally, in Ohio, an agent who contracts with a third party on behalf of a disclosed principal, and who is the authorized agent of that principal, is not personally liable on the insurance contract." *Rentz v. Globe Am. Cas. Co.*, No. 90AP-270, 1990 WL 198053, at *3 (Ohio Ct. App. Dec. 4, 1990); *see also Stuart v. Nat'l Indem. Co.*, 7 Ohio App.3d 63, 67 (Ohio Ct.App.1982) and *James G. Smith & Assocs., v. Everett*, 1 Ohio App.3d 118, 120 (Ohio Ct.App.1981). Berrylane alleges only the following specifically in regards to Busha-Okeson: (1) Busha-Okeson is an LLC organized under Ohio law; (2) Busha-Okeson is engaged in the business of selling insurance to individuals and companies in Ohio; and (3) Busha-Okeson sold the policy to Berrylane and participated in the initial adjustment of Berrylane's claim. Compl. ¶

7. Berrylane argues that since Busha-Okeson was copied on TIC's letter denying coverage to Berrylane, Busha-Okeson "may have participated in the decision to deny the claim." Opp. 5. However, it is not plausible that an insurance agent who is not according to the face of the Policy, the insurer of the Policy, would have any involvement in denying Berrylane's claim. This allegation, without more, cannot establish a breach of contract claim.

Further, agents are only liable for their own bad faith. *Goins v. Stewart*, 2008 WL 3856297, at *6 (Ohio Ct. App. 2008). Agents are not liable for their principal's bad faith. *Id.* Berrylane alleges that the Defendants breached their duty of good faith by denying coverage to Berrylane. Compl. ¶ 48. But Busha-Okeson as the insurance agency did not deny coverage, the insurer did. The Policy clearly lists Busha-Okeson as the insurance agent, Berrylane as the insured, and TIC as the coverage provider. *See* Compl. Ex. A. Berrylane makes no allegations detailing Busha-Okeson's specific involvement in denying the claim so its bad faith claim must be dismissed against Busha-Okeson.

Lastly, a claim for declaratory judgment cannot stand on its own but "must accompany the substantive claim for which declaratory judgment is sought. *Days Inn Worldwide, Inc. v. Sai Baba, Inc.*, 300 F.Supp.2d 583, 592-93 (N.D. Ohio 2004). Berrylane has failed to state a claim on which relief can be granted by failing to link its request for declaratory judgment to a viable underlying substantive claim for relief. *Id.* Berrylane cannot state a claim for breach of contract or bad faith against Busha-Okeson to accompany its declaratory judgment claim.

Accordingly, the Court must grant Busha-Okeson's Motion to Dismiss. Additionally, because Busha-Okeson is the Ohio defendant that would destroy federal diversity of citizenship

jurisdiction, the Court must deny Berrylane's Motion to Remand as moot.[2]

   B.   **TIC**

All of Berrylane's claims against TIC center on whether TIC should have provided coverage for $250,000 of Berrylane's losses under the Newly Acquired or Constructed Property Endorsement of the Policy ("NACP Endorsement"). *See, e.g.*, Compl. ¶ 37. Since Berrylane's losses are from newly-acquired iPhones stolen from its Warehouse, it argues that the Business Personal Property section of the NACP Endorsement applies. Compl. ¶ 33. That section of the Policy reads as follows:

   **2.   Business Personal Property**

   a.   When a Limit of Insurance is shown in the Declarations for Business Personal Property at any described premises, we will pay for direct physical loss of or damage to the following property caused by or resulting from a Covered Cause of Loss:

   (1)   Business Personal Property, including such property that you newly acquire, at a building you acquire by purchase or lease at any premises, including those premises shown in the Declarations; and

   (2)   Business Personal Property that you newly acquire at a described premises.

   b.   The most we will pay for loss of or damage to Business Personal Property under this Additional Coverage in any one occurrence is $250,000 at each premises.

Subsection (2) would not apply to Berrylane's claim because it provides coverage for

---

[2] When deciding a motion to remand, the Sixth Circuit applies a test "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). Thus, since Berrylane's Motion to Remand and Busha-Okeson's Motion to Dismiss both involve whether Busha-Okeson is a proper party in this action, the Court applied the more stringent Rule 12(b)(6) standard.

Business Personal Property ("BPP") newly acquired <u>at a described premises</u>. The only premises described in the Policy is the Bedford Property. *See* Compl. Ex. A at 22. The iPhones were stolen from the Warehouse, not the Bedford Property, so subsection (2) does not provide coverage.

Subsection (1) provides coverage for BPP "at a building you acquire by purchase or lease at any premises, including those premises shown in the Declarations[.]" Berrylane argues that the phrase "at a building you acquire by purchase or lease at any premises" extends coverage to covered loss at *any* Berrylane premises. Opp. 11. TIC argues that this language only covers property acquired after the Policy became effective in April 2015. Mot. 11. Berrylane signed the lease for the Warehouse in January 2015 but did not obtain possession of it until the summer of 2015. Doc #: 19 at 2. So, TIC argues that Berrylane did not "acquire" the Warehouse during the Policy period and subsection (1) does not provide coverage. The Court agrees with TIC.

"Issues of contract interpretation are generally matters of law and therefore [are] suitable for disposition on a motion to dismiss." *Jewell Coke Co., L.P. v. ArcelorMittal USA, Inc.*, No. 1:10-CV-01946, 2010 WL 4628756, at *3 (N.D. Ohio Nov. 8, 2010) (quotation omitted); *see also Gehrisch v. Chubb Grp. of Ins. Companies*, No. 1:14 CV 2439, 2015 WL 4067201, at *3 (N.D. Ohio July 2, 2015) (citation omitted) ("Under Ohio law, insurance policies are contracts to be interpreted as a matter of law by the Court."). "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement." *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261 (Ohio 2003) (citations omitted). The Court looks to "the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy." *Id.* (citation omitted). When the

language of a contract is clear, a court may look no further than the writing itself to determine the intent of the parties. *Id.*

Here, the phrase "at a building you acquire by purchase or lease at any premises" is written in present tense. The Merriam-Webster dictionary defines "acquire" to mean "to come into possession or control of." If this phrase was meant to include properties that were acquired prior to the effective date of the Policy, it would use the past tense "acquired." It does not. Other courts have interpreted similar NACP provisions to not provide coverage at buildings owned by the insured when the policy period commenced but not identified as a covered location on the policy. *See 3109 Props, L.L.C. v. Truck Ins. Exchange*, No. 13-cv-350, 2015 WL 3827580, *5 (Tex. App. June 18, 2015) ("Because [Plaintiff] did not acquire 171 Cardinal Drive during the policy period, but rather already owned it, the coverage extensions do not apply to the archive.") Berrylane argues that it acquired possession of the Warehouse during the coverage period so subsection (1) should provide coverage. Opp. 8. But, by Berrylane's own admission, the Warehouse lease was signed in January 2015, four months before the Policy became effective. Doc #: 19 at 2. The NACP Endorsement clearly states that it applies to buildings acquired "by purchase or lease." Berrylane did not purchase or obtain the Warehouse lease within the Policy period. Thus, the NACP Endorsement cannot provide coverage to Berrylane's BBP losses at the Warehouse.

Further, Berrylane was required under the NACP Endorsement to notify TIC when Berrylane acquired new property and it failed to do so. *See* NACP § 3(b) ("We will charge you additional premium for values reported to us from the date construction begins or you acquire the property."). Berrylane never told TIC about the Warehouse. Berrylane obtained the Warehouse

lease in January. Doc #: 19 at 2. But it was not until 11 months later in December 2015 that the iPhones were stolen from the Warehouse. Berrylane had 11 months to notify TIC that it had acquired the Warehouse so that TIC could adjust its premium accordingly. It failed to do so. Thus, Berrylane cannot now claim that the Warehouse is covered under the NACP Endorsement.

Accordingly, Berrylane's breach of contract claim must be dismissed. Berrylane's bad faith and declaratory judgment claims both depend on Berrylane establishing a breach of contract claim and are also dismissed.

**V. Conclusion**

For the foregoing reasons, Busha-Okeson and TIC's Motions to Dismiss are **GRANTED**. Berrylane's Motion to Remand is **DENIED** as moot. The above-captioned case is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

*/s/ Dan A. Polster  Jan. 9, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**